**Dennis P. MARX, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 83–C–150.

United States District Court, E.D. Wisconsin.

April 21, 1983.

Stephen M. Glynn, Milwaukee, Wis., for petitioner.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., and Mark E. Nebergall, Trial Attorney, Tax Division, Dept. of Justice, Washington, D.C., for respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action on a petition to quash an Internal Revenue Service summons served on a third party. This type of action was authorized only recently by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, § 331, 1982 U.S. Code Cong. & Ad.News, No. 7, at 299.

On February 16, 1983, the respondent filed a response to the petition and a memorandum indicating that the petition should be dismissed. The following day the Court ordered the petitioner to file its response to the respondent's memorandum by February 24, 1983. The petitioner responded with a motion for expedited discovery and for an extension of time to respond to the Government's opposition to the petition to quash the summons. The petitioner asserts that it is impossible for him to respond properly to the respondent's opposition to the petition without first taking the discovery permitted under *United States v. Kis,* 658 F.2d 526, 539 (7th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Court holds that the petitioner is entitled to the discovery he seeks prior to responding to the Government's opposition to the petition. Under *Kis,* the taxpayer was permitted to discover the following matters prior to alleging specific facts to counter the Government's prima facie case:

[1] the identities of the investigating agents,

[2] the date the investigation began,

[3] the dates the agent or agents filed reports recommending prosecution,

[4] the date the district chief of the Intelligence Division or Criminal Investigation Division reviewed the recommendation,

[5] the date the Office of Regional Counsel referred the matter for prosecution,

[6] the date of all summonses issued under 26 U.S.C. § 7602, [and]

[7] the nature of any contacts, relating to and during the investigation, between the investigating agents and officials of the Department of Justice.

658 F.2d at 539 (quoting *United States v. Genser,* 595 F.2d 146, 152 (3d Cir.1979) (*Genser II*)). Since the taxpayer would not usually possess the information necessary to determine whether the Government's purpose is proper without that limited discovery, it will be permitted.

Petitioner also asks for thirty days after receiving the foregoing information to respond to the respondent's opposition to the petition. Under *Kis,* the taxpayer was given only thirty days from the date of the order to show cause to respond to the Government. Since these proceedings are to be summary, there is no reason for a longer time to be allowed in this case.

THEREFORE, IT IS ORDERED that the respondent shall promptly disclose to the petitioner the information listed as items [1] through [7] above.

IT IS FURTHER ORDERED that the petitioner shall have thirty days from the date of this order to allege specific facts as to why the petition to quash the summons should not be dismissed.